**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRANCES K. INGRAM,
Plaintiff-Appellant,

v.

MORGAN STATE UNIVERSITY; THE
BOYS' LATIN SCHOOL OF MARYLAND,
INCORPORATED; BRYN MAWR SCHOOL;
CALVERT SCHOOL; CAPITOL HILL DAY
SCHOOL, INCORPORATED; GARRISON
FOREST SCHOOL, INCORPORATED;
GLENELG COUNTY SCHOOL; GREEN
ACRES SCHOOL; GILMAN SCHOOL,
INCORPORATED; HOLTEN ARMS
SCHOOL; HOLY TRINITY EPISCOPAL
DAY SCHOOL; KEY SCHOOL,
INCORPORATED; LANDON SCHOOL,
INCORPORATED; MCDONOUGH SCHOOL;

NORWOOD SCHOOL INCORPORATED;
PARK SCHOOL OF BALTIMORE; QUEEN
ANNE SCHOOL; ROLAND PARK
COUNTY SCHOOL, INCORPORATED;
SANDY SPRING FRIENDS SCHOOL,
INCORPORATED; SHERIDAN SCHOOL;
SIDWELL FRIENDS SCHOOL; ST.
ANDREW'S EPISCOPAL SCHOOL,
INCORPORATED; ST. PAUL'S SCHOOL,
INCORPORATED; ST. PAUL'S
SCHOOL FOR GIRLS; NATIONAL
CATHEDRAL; ASSOCIATION OF
INDEPENDENT MARYLAND SCHOOLS,
INCORPORATED; BALTIMORE
EDUCATIONAL SCHOLARSHIP TRUST,
Defendants-Appellees.

No. 95-2314

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-95-267-JFM)

Submitted: November 14, 1995

Decided: January 16, 1996

Before HALL, WILKINSON, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Frances K. Ingram, Appellant Pro Se. John Joseph Curran, Jr., Attorney General, Mark Jason Davis, Assistant Attorney General, Baltimore, Maryland; Thomas Dennehy Washburne, Sr., OBER, KALER, GRIMES & SHRIVER, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals from the district court's order dismissing her claims for lack of standing and failure to state a claim upon which relief may be granted. We have reviewed the record and the district court's opinion and find no reversible error. The district court correctly determined that the Appellant lacked standing to assert a claim

2

against twenty-five of the twenty-eight Defendants. As to the other three Defendants, we find that Appellant has failed to make the requisite prima facie case for any of her claims. Her Title VII and 42 U.S.C.A. § 1981 (West 1994) claims fail to meet this standard because Appellant has not alleged that she applied and was qualified for a particular job or that the Defendants continued to seek applicants of her qualifications after her rejection. 42 U.S.C.A. § 2000e-2 (West 1994); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Her Title VI claim fails because Appellant has not alleged that the Defendants receive federal financial assistance for the primary purpose of employment, or that she was the intended beneficiary of any such assistance. 42 U.S.C. § 2000d-3 (1988); Soberal-Perez v. Heckler, 717 F.2d 36, 38 (2d Cir. 1983). Finally, her equal protection claim fails because the hiring decisions of private institutions do not constitute state action. See Peterson v. City of Greenville, 373 U.S. 244, 247 (1963). Therefore, we affirm the district court's order.

In light of this disposition, Appellees' motion to strike is denied as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.*

AFFIRMED

_____

*We find that the failure to give Appellant proper notice under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was, at most, harmless error because the error did not affect Appellant's substantial rights. See United States v. Nyman, 649 F.2d 208, 211 (4th Cir. 1988). For the same reason, the failure to rule on Appellant's motion for default judgment was harmless error.

3